STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Serapio Rafael, Jose Luis Tepale individually *and on behalf of all other employees similarly situated* <br><br> *Plaintiff*, <br><br> -v- <br><br> MICHAEL KHATAMOV (AKA RAFIK KHATAMOV or MATAT KHATAMOV) and MEER TRADING LLC (DBA AS RAFAEL DRY CLEANERS) jointly *and severally.* <br><br> *Defendants.* | **FLSA COLLECTIVE ACTION COMPLAINT** <br><br> **COLLECTIVE ACTION** <br><br> **UNDER 29 U.S.C.§ 216(b)** |

**NATURE OF THE ACTION**

1. Plaintiffs Serapio and Jose Tepale bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of their lawfully earned wages compensation. Plaintiffs also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 et. seq., as well as the supporting New York State Department of Labor Regulations for violations of minimum wage compensation requirements, and failure of Defendants to comply with notice and record-keeping requirements. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL. Defendants'

1

conduct extended beyond the Plaintiffs to all other similarly situated employees. Plaintiffs seeks certification of this action as a collective action on behalf of themselves individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## SUMMARY

2. Plaintiff Rafael was employed by Defendants, MICHAEL KATAMOV and MEER TRADING LLC (DBA AS RAFAEL DRY CLEANERS) (collectively "Defendants"), as a sales assistant from September 7, 2010 until March 18, 2020.

3. Plaintiff Tepale was employed by Defendants, MICHAEL KATAMOV and MEER TRADING LLC (DBA AS RAFAEL DRY CLEANERS) (collectively "Defendants"), as a delivery worker from February 2015 until on or about March 18, 2020.

4. Throughout the course of their employment, Plaintiffs worked approximately sixty-eight hours (68) per week – twelve hours from Monday – Friday and eight (8) hours on Saturdays.

5. As a result of Defendants' actions, of not paying at least minimum wage Plaintiffs has suffered great hardship and damages to Plaintiffs

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

6. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

7. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

8. Venue is proper in the Southern District of New York under 28 U.S.C. §§ 1391 (b)(1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

### Corporate Defendant

9. MEER TRADING, LLC is a domestic professional corporation formed on and organized and existing under the laws of the State of New York.

10. MEERS TRADING, LLC owns and operates Rafael's dry cleaning located on 88 Fulton Street, New York, NY 10038.

11. At all relevant times, MEER TRADING, LLC was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the NYLL § 190, the N.Y. Executive Law § 292(5), and the N.Y. Admin. Code. § 8–102(5).

12. At all relevant times, MEER TRADING, LLC maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that applied to him.

**INDIVIDUAL DEFENDANT**

**SERAPIO RAFAEL**

13. Upon information and belief, at all relevant times throughout Plaintiff's employment, MICHAEL KHATAMOV is the owner, authorized operator, manager, and agent of the Corporate Defendant.

14. At all relevant times throughout Plaintiffs employment, Individual Defendant and Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791.2.

15. At all relevant times throughout Plaintiffs' employment, Individual Defendant had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

16. At all relevant times throughout Plaintiff's employment, Individual Defendant was actively involved in the day-to-day operations of Corporate Defendant.

17. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

18. Upon information and belief, at all relevant times throughout Plaintiff's employment, was one of the owners, authorized operators, managers, and agent of the Corporate Defendant.

19. At all relevant times throughout Plaintiff's employment, Individual Defendant and Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791.2.

20. At all relevant times throughout Plaintiffs' employment, Individual Defendant had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

21. At all relevant times throughout Plaintiff's employment, Individual Defendant was actively involved in the day-to-day operations of Corporate Defendant.

22. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

**CORPRATE DEFENDANT**

23. MEER TRADING, LLC (hereinafter "Defendant Corporation") is a domestic business corporation organized and existing under the laws of the state of New York.

MEER TRADING, LLC owns and operates Rafael Dry Cleaners located on 88 Fulton street, New York, NY 10038. MEER TRADING, LLC's headquarters are 1578 E 3rd street, Brooklyn NY 11230.

24. At all relevant times, RAFAEL DRY CLEANERS employed 3 employees at all times.

25. At all relevant times, Defendant Corporation maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll, and other employment practices that applied to them.

26. At all relevant times, Defendant Corporation was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and employed Plaintiffs within the meaning of the FLSA.

27. At all relevant times, Plaintiff was employed by Defendant Corporation within the meaning of the NYLL §§ 2 and 651.

## FACTUAL ALLEGATIONS

**PLAINTIFF SERAPIO RAFAEL**

28. Plaintiff Rafael was employed by Defendants and started working from September 7, 2010 until March 18, 2020. He averaged sixty-eight (68) hours per week.

29. Throughout his employment, Plaintiff oversaw the entire dry-cleaning business. He took all calls and orders from customers and entered customer information into the system. He put identification and service tags on the clothing and laundry, arranged for pick up and deliveries, managed a tailor and delivery boy, and ensured all clothing was returned to the customers. Plaintiff Rafael was the face of Rafael Dry Cleaners.

30. Plaintiff was never paid a lawful minimum wage.

31. From 2014 until 2016, Plaintiff Rafael was paid $415 per week

32. From November 2015 until November 2016, Plaintiff Rafael was paid $475

33. From November 2016 until November 2019, Plaintiff Rafael was paid $525

34. From November 2019 until March 2020, Plaintiff Rafael was paid $600.

35. Throughout the duration of her employment, Plaintiff did not have any supervisory authority, nor did he exercise discretion or independent judgment with respect to matters of significance. Plaintiff had to punch in and out every day through a lottery machine at the Deli.

36. Plaintiff Serapio had the authority to hire or fire employees do payroll or set employees' work hours. That level of work was left to Defendant Michael Khatamov.

**PLAINTIFF JOSE LUIS TEPALE**

37. Plaintiff Tepale was employed by Defendants and started working from November 2015 until March 18, 2020. He worked approximately sixty-six (66) hours per week.

38. Throughout his employment, Plaintiff did make all the deliveries and performed extreme manual labor for Defendants. Plaintiff oversaw picking up customers laundry, dropping it off at Defendants' dry cleaners and ensuring the customers received their clothing in a timely manner.

39. Plaintiff was never paid a lawful minimum wage.

40. In the beginning of 2015, Plaintiff Tepale was paid $415 per week.

41. In November of 2015, Plaintiff Tepale was paid $475 per week.

42. In November of 2016, Plaintiff Tepale was paid $525 per week

43. In January 2020, Plaintiff Tepale was paid $600 per week.

44. Throughout the duration of her employment, Plaintiff Tepale did not have any supervisory authority, nor did he exercise discretion or independent judgment with respect to

matters of significance.

45. Plaintiff Tepale never had any managerial duties, such as hiring and firing employees, doing payroll and setting employees' hours of work.

**Defendants' Unlawful Corporate Practices**

46. Defendants required Plaintiffs to work and never compensated them for them Work at the lawful minimum wage rate.

47. Plaintiffs were never provided with any wage statements, time sheets, or other documents showing the number of hours each had worked every week.

48. Plaintiffs were not provided with a wage notice at the time of hire or at any point thereafter.

49. Upon information and belief, while Defendants employed Plaintiffs, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

50. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Plaintiffs were never provided with a wage notice at the time of hire or at any point thereafter, noting her hourly wage increases.

52. Upon information and belief, while Defendants employed Plaintiffs, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiffs of such rights.

53. Plaintiffs have personal knowledge of other employees of Defendants who are similarly situated and who also worked hours for which they were not paid minimum and wages.

## COLLECTIVE ACTION ALLEGATIONS

54. Pursuant to 29 U.S.C. §§ 203, 206, 207, and 216(b), Plaintiffs brings his First and Second causes of action as a collective action under the FLSA on behalf of themselves and the following collective:

All persons employed by Defendants at any time from June 19, 2014 to the present day (the "Collective Action Period") who worked as non-exempt employees of the Defendants (the "Collective Action Members").

55. A collective action appropriate in these circumstances because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay wages at or above the statutory minimum.

56. Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

57. The claims of the Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Violation of Minimum Wage Requirements**
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

58. Plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporates by reference all allegations made in all preceding paragraphs as if fully set forth herein.

59. Defendants, throughout the majority of their employment period, paid Plaintiffs and the Collective Action Members in amounts below the applicable statutory minimum wage for their hours worked, in violation of the FLSA, 29 U.S.C. § 206.

60. Defendants' unlawful conduct, as described in this Complaint, has been willful and

intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

61. As a result of the Defendants' violations of the FLSA, Plaintiffs, and the Collective Action Members have suffered damages by being denied wages at or exceeding the statutory minimum in accordance with the FLSA in amounts to be determined at trial and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

**New York Labor Law – Violation of Minimum Wage Requirements**

62. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

63. Defendants, throughout the majority of Plaintiffs' employment, paid Plaintiffs less than the applicable statutory minimum wage for her hours worked in violation of NYLL § 652 and the supporting New York State Department of Labor regulations, including 12 N.Y.C.R.R. Part 146-1.2.

64. Defendants' failure to pay Plaintiffs the minimum wage lacked a good faith basis within the meaning of NYLL § 663.

65. Due to Defendants' violations of the NYLL, Plaintiffs is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## THIRD CAUSE OF ACTION

### New York Labor Law – Failure to Provide Accurate Wage Statements

66. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants have failed to provide Plaintiffs with complete and accurate wage statements throughout their employment listing, *inter alia*, all regular hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

68. Due to Defendants' violations of the NYLL, Plaintiffs is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Notice at Time of Hiring

69. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants failed to provide Plaintiffs at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

71. Due to Defendants' violations of the NYLL § 195(1), Plaintiffs is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

-judgment interest, damages for emotional distress, attorney's fees, costs, and other such damages of an amount to be determined at trial, pursuant to N.Y. Executive Law § 297(9).

72. Defendant Khatamov is jointly and severally liable for the aforementioned damages, since he incited, compelled and coerced the above discriminatory and unlawful conduct pursuant to N.Y. Executive Law § 296(6).

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 19, §§ 650 *et seq*., and supporting New York State Department of Labor Regulations, the New York Executive Law § 296, and the N.Y. Administrative Code. §§ 8–107;

B. Unpaid minimum wages pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

C. Unpaid minimum wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

D. Civil penalties of One Thousand One Hundred Dollars ($1,100.00) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

E. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

F. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements, pursuant to NYLL § 198 (1-d);

G.  An award of back wages, front wages, liquidated damages, damages for emotional distress, and punitive damages for the Defendants' prohibited retaliation against Plaintiff pursuant to 29 U.S.C. § 215(3);

H.  An award of front pay, lost compensation, damages for emotional distress, punitive damages, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000.00), for Defendants' prohibited retaliation against Plaintiff pursuant to NYLL § 215(2)(a);

I.  A civil penalty of a maximum of Ten Thousand Dollars ($10,000.00) for Defendants' prohibited retaliation against Plaintiff pursuant to 29 NYLL § 215(1)(b);

J.  A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

K.  An award of back wages, front wages, pre-judgment interest, damages for emotional distress, and punitive damages for Defendants' discrimination and sexual harassment against Plaintiff, pursuant to N.Y. Admin. Code § 8-502(a);

L.  If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

M.  An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

N.  An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

O.  An award of attorney's fees, costs, and further expenses up to Fifty Dollars ($50.00), pursuant to 29 U.S.C. § 216(b), NYLL §§ 198 and 663(1), N.Y. Admin. Code § 8-502(g); and

P.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       June 19, 2020

**STILLMAN LEGAL PC**

By:     /s/__
        Lina Stillman
        *Attorneys for Plaintiff*
        42 Broadway, 12th Floor
        New York, New York 10004
        Tel: 212.203.2417|
        LS@StillmanLegalPC.com